HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
I join the majority except with respect to the contract-revival claim based on the January 26, 2005 meeting. I believe this claim was adequately presented in the district court and would remand this claim for further proceedings.
The majority asserts that Plaintiffs did not raise contract revival before the district court. Although the majority is correct that Plaintiffs did not specifically mention Mich. Comp. Laws § 600.5866— the Michigan revival statute on which they now rely — there are numerous references in the record to Plaintiffs’ theory that Foster’s signing of his September 2002 handwritten notes on January 26, 2005 constituted a “ratification” of the parties’ prior ownership agreement. Plaintiffs repeatedly referred to Foster “executing” the notes on January 26, 2005 in their amended complaint, and asserted in their response to Defendants’ motion to dismiss that, “given the signing of the notes on January 26, 2005, there can be little doubt that a reasonable person could infer that the contract existed and was ratified on that date and that therefore any breach must by force of logic have occurred subsequently, ergo the repudiation and rejection meeting of February 11, 2005.” Similarly, Plaintiffs’ counsel stated at the motion to dismiss hearing that the ownership agreement was “remade” by Foster signing and “ratiffying] the previous representations.” Reading Plaintiffs’ pleadings liberally, as we must on a Rule 12(b)(6) motion to dismiss, Plaintiffs raised the argument that Foster’s actions in January 2005 revived the alleged ownership agreement before the district court.
I also conclude that Plaintiffs’ complaint states a viable revived-eontract claim. Plaintiffs allege that Foster repeated his promise on January 26, 2005 and also signed the writing. Although the fraud claims based on these representations are barred because that claim accrued when the representations were made, the contract claim did not accrue until February 11, 2005, when Foster fired Cimmer and repudiated the alleged agreement. Thus, the claim based on the revived contract was timely. I would reverse and remand this one claim.